UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of ACA MECHANICAL INDUSTRIAL, LLC | CASE NO. 2:19-CV-00139 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| GSLA LLC | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion for Default Judgment [doc. 23] filed by plaintiff ACA Mechanical Industrial, LLC ("ACA") against defendant GSLA LLC ("GSLA") under Federal Rule of Civil Procedure 55(b).

### I.
### BACKGROUND

This dispute arises from a subcontract for work on an army base in Vernon Parish, Louisiana. The Army Corps of Engineers ("owner") hired GSLA to as general contractor on a project known as the North Fort Polk Fire Station Addition. Doc. 1; *see* doc. 23, att. 2, ¶ 2. In August 2017 GSLA subcontracted with ACA to provide labor and materials for the completion of HVAC and plumbing work in accordance with the prime contract, for the sum of $277,480. *See* doc. 23, att. 2, pp. 5–18. ACA performed this work from October 16, 2017, through February 5, 2018, when the owner terminated the prime contract with GSLA. *Id.* at 2.

ACA filed suit in this court on February 4, 2019, raising claims against GSLA for breach of contract and under the Miller Act, 40 U.S.C. § 3131 *et seq.*[1] Doc. 1. It effected service on GSLA on May 10, 2019. Doc. 14. No response was made, however, and the clerk made an entry of default as to GSLA on July 25, 2019. Doc. 17. The court denied ACA's first motion for default judgment, after ACA failed to account for the fact that the address used for GSLA on its summons did not match the one provided for the company's registered agent on the Louisiana Secretary of State's website. Doc. 19. ACA has now provided additional information on the address used. Accordingly, the court considers its renewed motion for default judgment.

## II.
## LAW & APPLICATION

*A. Validity of Service*

Service on an LLC is governed by the same rules applicable to corporations. *E.g.*, *Diamond Servs. Corp. v. Oceanografia SA de CV*, 2013 WL 312368, at *4 (W.D. La. Jan. 24, 2013). Federal Rule of Civil Procedure 4(h) provides that a plaintiff can serve a corporation multiple ways, including by effecting service under state law. Under Louisiana law, service on an LLC is made by personal service on its agent for service of process. La. Code Civ. P. arts. 1266, 1232.

ACA's proof of service reflects that a summons was served on "GSLA" at an address on Taylor Oaks Lane in Alexandria, Louisiana, on May 10, 2019. Doc. 14.

---

[1] ACA also brought suit against GSLA's payment bond surety, Aegis Security Insurance Company, but settled all claims against that party with a reservation of rights against GSLA. *See* docs. 1, 13.

According to the Louisiana Secretary of State's Business Filings database, the company's registered agent for service is Martin W. Johnson and his address is an office on MacArthur Drive in Alexandria, Louisiana. ACA now shows, however, that Johnson's residence is located at the Taylor Oaks address, as reflected in GSLA's Articles of Organization. Doc. 23, att. 7, p. 2. ACA also provides an affidavit from the private investigator who executed the proof of service, and now states that he served GSLA by personally serving Johnson at the Taylor Oaks address on that date. Service on GSLA in May 2019 was thus valid and there is no obstacle to considering the motion for default judgment at this time.

## B. *Entitlement to Default Judgment*

### 1. *Liability*

Under Federal Rule of Civil Procedure 55, a plaintiff may apply for a default judgment after the clerk has entered a default against the defendant for failure to plead or otherwise respond to a complaint. Once default is entered, the plaintiff's well-pleaded factual allegations are deemed admitted and the plaintiff may apply for judgment based on those pleadings. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). No party is entitled to default judgment as a matter of right, however. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Instead, the court then determines whether grounds for the judgment exist. *Wooten v. McDonald Transit Ass'n, Inc.*, 788 F.3d 490, 497–98 (5th Cir. 2015). To this end it looks to Federal Rule of Civil Procedure 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*; Fed. R. Civ. P. 8(a)(2).

ACA seeks default judgment on its breach of contract claims against GLSA.[2] Specifically, it alleges that GSLA breached the subcontract by failing to pay ACA for labor, services, and material "furnished in the prosecution of the work in accordance with the terms of the Subcontract." Doc. 1, ¶ 14. It further alleges:

> In accordance with Article 7.2.4 of the Subcontract, ACA is entitled to payment for work executed, costs incurred by reason of GSLA's termination by the Owner, and reasonable overhead and profit on the work not executed.

*Id.* at ¶ 15. Article 7.2.4 provides, however:

> **In case of such termination for the Owner's convenience**, the Subcontractor shall be entitled to receive payment for Work executed, and costs incurred by reason of such termination, along with reasonable profit and overhead on the Work not executed.

Doc. 23, att. 2, p. 12 (emphasis added). ACA does not allege the basis on which the prime contract was terminated, nor does it allege entitlement to identical damages based on a termination of the prime contract for cause. Accordingly, it must amend its motion to show entitlement to damages under the subcontract.

### *2. Damages*

Once liability is established by default, it is the court's duty to determine the amount of damages due. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Where the amount claimed is a liquidated sum or one capable of mathematical calculation, it may be determined without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th

---

[2] This suit arises under the Miller Act, 40 U.S.C. § 3131 *et seq.*, and it is on that basis that ACA has already obtained relief from Aegis. The Miller Act does not replace breach of contract claims, however, and these may be maintained concurrently under state law. *Superior Insulation Co. v. Robert E. McKee, Inc.*, 702 F.Supp. 1298, 1302 (N.D. Tex. 1988); *Consol. Elec. & Mech., Inc. v. Biggs Gen. Contracting, Inc.*, 167 F.3d 432, 435 (8th Cir. 1999).

Cir. 1993). A sum is capable of mathematical calculation when it can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311 (citation omitted).

ACA claims damages in the amount of $51,132.00 (less the $48,372.00 received from the surety, for a total of $2,760.00) for payment on the completed work on the project. It supports this figure with an affidavit from managing member Larry Prestridge. Doc. 23, att. 2, p. 2, ¶¶ 7–9. It also claims $52,101.62 in damages for lost profits and overhead, as supported by Prestridge's affidavit and based on its pre-project estimates. *Id.* at p. 2, ¶ 10; *see id.* at pp. 19–25. Finally, it claims interest under Article 15.2 of the subcontract, from April 1, 2018 (the payment due date) onward at the Louisiana judicial interest rate. *Id.* at p. 3, ¶¶ 12–13. The court finds that these sums are adequately supported and will award the requested damages upon a showing of the plaintiff's entitlement to default judgment.

### III.
#### CONCLUSION

For the reasons stated above, the Motion for Default Judgment [doc. 23] is **DENIED** at this time, without prejudice to plaintiff's right to amend.

**THUS DONE AND SIGNED** in Chambers on this 13th day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**